IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARENTAL GUIDE of TEXAS, INC. | § § § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. 2:03CV-022-TJW |
| THOMSON, INC., and ZENITH ELECTRONICS CORPORATION | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Parental Guide of Texas, Inc. ("Parental Guide") files its First Amended Complaint for breach of contract against Thomson, Inc., (f/k/a Thomson Consumer Electronics, Inc. and Thomson Multimedia, Inc.) ("Thomson") and Toshiba America Consumer Products, Inc. ("Toshiba"), and in support thereof would respectfully show the Court the following:

### PARTIES

1. Plaintiff Parental Guide is a Texas corporation. Parental Guide maintains its principal office at 505 E. Travis, Suite 211, Marshall, Texas 75670.

2. Defendant Thomson is a corporation organized and existing under the laws of the state of Indiana, and has its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana 46290. Thomson manufactures for sale and/or sells electronic products to consumers in the



PLAINTIFF'S FIRST AMENDED COMPLAINT                                    Page 1

United States under several brand names, including "GE" and "RCA." Thomson has been served with service of process and has appeared by counsel in this case.

3. Defendant Toshiba is a corporation organized and existing under the laws of the state of New Jersey, and has its principal place of business at 82 Totowa Road, Wayne, New Jersey 07470. Toshiba manufactures for sale and/or sells electronic products to consumers in the United States under one or more brand names, including "TOSHIBA." Toshiba may be served with service of process by serving a copy of this Complaint on its registered agent for service of process, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This is an action for breach of contract. This Court has jurisdiction over this case under 28 U.S.C. §1332(a). This Court has personal jurisdiction over Defendants Thomson and Toshiba because each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant negotiated and entered into the contract at issue here as part of its participation in, and settlement of, litigation in the Eastern District of Texas. Venue is proper in this Court under 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## FACTS

5. On or about December 18, 2000, Parental Guide filed a patent infringement suit in this Court against a number of defendants, including Thomson and Toshiba (the "Patent

**PLAINTIFF'S FIRST AMENDED COMPLAINT**  Page 2

Infringement Lawsuit"). Both Thomson and Toshiba appeared and defended themselves in that litigation.

6. On or about October 16, 2002, Parental Guide and Thomson executed a Release and License Agreement ("Thomson Settlement Agreement") through which the parties settled their claims against each other arising from the Patent Infringement Lawsuit. As part of the Thomson Settlement Agreement, Thomson agreed to make an initial payment of royalties to Parental Guide and then a final payment following the favorable termination of the Patent Infringement Lawsuit.

7. On or about October 27, 2002, Parental Guide and Toshiba executed a Release and License Agreement ("Toshiba Settlement Agreement") through which the parties settled their claims against each other arising from the Patent Infringement Lawsuit. As part of the Toshiba Settlement Agreement, Toshiba agreed to make an initial payment of royalties to Parental Guide and then a final payment following the favorable termination of the Patent Infringement Lawsuit.

8. Thomson made its initial payment on or about October 23, 2002. Likewise, Toshiba made its initial payment on or about March 7, 2003. According to the terms agreed to by Thomson and Toshiba, if, inter alia, a Final Judgment is entered in Parental Guide's favor, then Thomson and Toshiba are obligated to make the final payments.

9. On October 31, 2002, this Court entered a Final Judgment in the patent infringement lawsuit, a copy of which is attached hereto as Exhibit "A." Both Thomson and Toshiba have failed to perform under their respective Settlement Agreements. Moreover, Thomson claims that it does not owe any further payments to Parental Guide. Indeed, Thomson has filed an action for declaratory judgment against Parental Guide in the United States Federal District Court for the Southern District of Indiana, claiming that it "owes no additional monies to Parental Guide."

## CAUSE OF ACTION ONE – BREACH OF CONTRACT (THOMSON)

10. Parental Guide realleges paragraphs 1 through 9 herein.

11. The Thomson Settlement Agreement constitutes a valid and enforceable written contract. The terms of the Thomson Settlement Agreement are clear and unambiguous. Under the expressed terms of the Thomson Settlement Agreement, if, inter alia, a Final Judgment in the Patent Infringement Lawsuit is entered by the Court in favor of Parental Guide, then Thomson is obligated to pay Parental Guide a final payment. This obligation was triggered when the Court entered its Final Judgment on October 31, 2002. Nevertheless, Thomson has failed to perform its obligations under the Thomson Settlement Agreement and pay the final payment it owes to Parental Guide thereby damaging Parental Guide. Moreover, Thomson has alleged in a separately filed lawsuit that it "owes no additional monies to Parental Guide," thus making clear that it does not intend to pay its final payment under the terms of the Thomson Settlement Agreement.

## CAUSE OF ACTION TWO – BREACH OF CONTRACT (TOSHIBA)

12. Parental Guide realleges paragraphs 1 through 11 herein.

13. The Settlement Agreement between Parental Guide and Toshiba constitutes a valid and enforceable written contract. The terms of the Toshiba Settlement Agreement are clear and unambiguous. Under the expressed terms of the Toshiba Settlement Agreement, if a Final Judgment in the Patent Infringement Lawsuit is entered by the Court in favor of Parental Guide, then Toshiba is obligated to pay Parental Guide a final payment. This obligation was triggered when the Court entered its Final Judgment on October 31, 2002. Toshiba has failed to perform its obligations under the Toshiba Settlement Agreement and pay the final payment it owes to Parental Guide, hence breaching the terms of the Toshiba Settlement Agreement, thereby damaging Parental Guide.

## CAUSE OF ACTION THREE – DECLARATORY JUDGMENT (THOMSON)

14. Parental Guide realleges paragraphs 1 through 13 herein.

15. Pursuant to 28 U.S.C. §2201 and FRCP 57, Parental Guide seeks declaratory relief from the Court with regard to its contractual rights and Thomson's contractual obligations under the Thomson Settlement Agreement. Under the terms of the Thomson Settlement Agreement, Parental Guide granted a license to Thomson for the use of its '964 Patent in Thomson products. Parental Guide also granted Thomson a release from the claims it had asserted against Thomson in the Patent Infringement Lawsuit. Thomson is required under the Thomson Settlement Agreement to pay royalties to Parental Guide. To date, Thomson has paid its first payment of royalties to Parental Guide, but has failed to pay the final payment, that is now due. Parental Guide seeks a declaration from the Court that Thomson owes Parental Guide the final payment for Thomson's continued use of the '964 Patent as specified in the Settlement Agreement.

## CAUSE OF ACTION FOUR – DECLARATORY JUDGMENT (TOSHIBA)

16. Parental Guide realleges paragraphs 1 through 15 herein.

17. Pursuant to 28 U.S.C. §2201 and FRCP 57, Parental Guide seeks declaratory relief from the Court with regard to its contractual rights and Toshiba's contractual obligations under the Toshiba Settlement Agreement. Under the terms of the Toshiba Settlement Agreement, Parental Guide granted a license to Toshiba for the use of its '964 Patent in Toshiba products. Parental Guide also granted Toshiba a release from the claims it had asserted against Toshiba in the Patent Infringement Lawsuit. Toshiba is required under the Toshiba Settlement Agreement to pay royalties to Parental Guide. To date, Toshiba has paid its first payment of royalties to Parental Guide, but has failed to pay the final payment, that is now due. Parental Guide seeks a declaration from the Court

that Toshiba owes Parental Guide the final payment for Toshiba's continued use of the '964 Patent as specified in the Toshiba Settlement Agreement.

## MISCELLANEOUS

18. **Attorneys' Fees.** Parental Guide's claims against Thomson and Toshiba are based upon written contracts. Pursuant to §38.001(8) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Parental Guide is entitled to recover its reasonable and necessary attorneys' fees incurred in connection with this matter.

19. **Conditions Precedent.** All conditions precedent have been performed, have occurred, or have been waived.

20. **No Waiver or Election.** By filing this lawsuit, Parental Guide neither intends to waive or release any rights, claims, causes of action, or defenses nor to make any election of remedies it now has or may have, but rather intends expressly to reserve such rights, claims, causes of action and defenses.

## RELIEF

Plaintiff respectfully requests the following relief:

A. that the Court award damages to Plaintiff to which it is entitled for Thomson's breach of the Thomson Settlement Agreement;

B. that the Court award damages to Plaintiff to which it is entitled for Toshiba's breach of the Toshiba Settlement Agreement;

C. that the Court declare the rights and obligations of the parties under the terms of the Thomson Settlement Agreement and declare that Thomson owes the final payment to Parental Guide as set forth in the Thomson Settlement Agreement;

D.  that the Court declare the rights and obligations of the parties under the terms of the Toshiba Settlement Agreement and declare that Toshiba owes the final payment to Parental Guide as set forth in the Toshiba Settlement Agreement;

E..  that the Court award interest on damages assessed against Thomson;

F.  that the Court award interest on damages assessed against Tosiba;

G.  that the Court award Plaintiff's costs and attorneys' fees incurred in this action; and,

H.  that the Court award Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

**McKOOL SMITH, P.C.**

By: /s/ Sam Baxter
Sam Baxter, Attorney-in-Charge
State Bar No. 01938000
Mike McKool, Jr.
State Bar No. 13732100
T. Gordon White
State Bar No. 21333000
R. Darryl Burke
State Bar No. 03403405

P.O. Box O
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

**MONTS & WARE, L.L.P.**

Steven N. Williams
State Bar No. 21577625
Scott R. Jacobs
State Bar No. 10521550

1701 N. Market, Suite 330
Dallas, Texas 75202-2013
Telephone: (214) 744-5000
Telecopier: (214) 744-5013

ATTORNEYS FOR PLAINTIFF
PARENTAL GUIDE OF TEXAS, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via Certified Mail, Return Receipt Requested and or facsimile as follows:

George Purdy
R. Trevor Carter
Bose, McKinney & Evans
2700 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, IN 46204

E. Lee Haag
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095

Sam Baxter

```
                                            FILED-CLERK
                                          U.S. DISTRICT COURT
       IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF TEXAS  02 OCT 31  AM 11: 01
                  MARSHALL DIVISION
                                             TEXAS-EASTERN
```

| | | |
|---|---|---|
| **Parental Guide of Texas, Inc.,** | § | BY_____ |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 2:00CV262 (TJW) |
| **Funai Corporation, Inc. et al.,** | § | JURY TRIAL |
| | § | |
| **Defendants.** | § | |

## FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court hereby enters Final Judgment in conformity with the Offer of Judgment of Defendants Mitsubishi Digital Electronics America, Inc. and Mitsubishi Electric and Electronics USA, Inc. ("collectively Mitsubishi") and Parental Guide's acceptance of Mitsubishi's Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure.

U.S. Patent No. 4,605,964 is valid and enforceable. Mitsubishi accused televisions, as identified by Plaintiff Parental Guide, infringe U.S. Patent No. 4,605,964. A royalty rate under 35 U.S.C. 284 of $1.15 per television shall apply to all accused televisions sold after the filing of this lawsuit and projected to be sold through the expiration of U.S. Patent No. 4,605,964 on August 12, 2003 and that units sold and projected to be sold during this period will total approximately 955,000 televisions. The total Judgment award shall be in the amount of $1,098,250.

This Judgment reserves to Mitsubishi, and the above provisions are subject to, the right to appeal this Court's decisions regarding claim construction in this matter, including but not limited to the Court's Memorandum Opinion and Order on Claim Construction dated February 13, 2002. Further,

- Page 1

...

this Judgment reserves to Mitsubishi the right to appeal the denial of the Defendants' Motion for Summary Judgment and Defendants' Second Motion for Summary Judgment of Noninfringement filed in this matter. Each party shall bear its own cost, expenses and attorneys fees incurred herein. All relief not specifically granted herein is denied.

Signed and entered this 31st day of October 2002.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

_____
Melvin Wilcox III

_____
Sam Baxter